# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| **WILLIE THOMAS,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 12 C 10329 |
| ) | |
| **SUPERINTENDENT, CHICAGO** ) | |
| **POLICE OFFICER ACEVEDO**, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM ORDER

As it always does when (as frequently happens) a person in custody has failed to comply with the filing fee requirements that 28 U.S.C. § 1915 establishes as a precondition to suit, this Court promptly issued a January 7, 2013 memorandum order ("Order") that spelled out in detail the deficiencies in that respect in the pro se submission by Willie Thomas ("Thomas"). Indeed, to that end this Court accompanied its transmittal of the Order to Thomas with blank forms of the In Forma Pauperis Application and of a Motion for Appointment of Counsel (the latter being provided in case Thomas wished such relief, something that he had not included with his original filing of his 42 U.S.C. § 1983 Complaint).

Instead of reading, and conforming to the specific roadmap provided by, the Order, it is clear that Thomas has failed once again to provide the necessary printout of transactions in his trust fund account for the period from June through December 2012 together with the new filled-out Application. What he had done instead is to provide a printout from Sheridan Correctional Center ("Sheridan," where he is now in custody) that lists many, many transactions

from December 11, 2006 through February 27, 2008 (that last item reads "Release Inmate" in the "Transaction Type" column), then jumps to a "Payroll Adjustment" entry dated August 9, 2012. No information is provided from any institution for the time period in 2012 from June through early August, though the Sheridan printout does report the transactions from August 9 through December.

Yet Thomas' Complaint filed December 26, 2012 complains of an incident on January 8, 2011 in which Chicago police officers assertedly arrested him without cause, then "falsified reports, fabricated evidence, and lied under oath at trial." Obviously Thomas was in custody somewhere during the period preceding his arrival at Sheridan -- but he has simply paid no attention to the Order's express direction that referred to "the institution or institutions where Thomas was housed" during the relevant six-month period.

As this Court had forewarned at the end of the Order, this action is dismissed. Although the Order had referred to a dismissal "without prejudice," that reference was in contemplation of Thomas' assumed compliance with the Order, in which event he would have gained the benefit of a relation back of his lawsuit to December 26, 2012 -- but he has not complied despite the clarity of the Order.

_____
Milton I. Shadur
Senior United States District Judge

Date: January 30, 2013