```
              IN THE UNITED STATES DISTRICT COURT
            FOR THE NORTHERN DISTRICT OF ILLINOIS
                       EASTERN DIVISION
```

WILLIE THOMAS #B-76493,           )
                                  )
            Plaintiff,            )
                                  )
   v.                             )   No.  12 C 10329
                                  )
SUPERINTENDENT, CHICAGO POLICE    )
OFFICER ACEVEDO, et al.,          )
                                  )
            Defendants.           )

## MEMORANDUM ORDER

Willie Thomas ("Thomas") originally tried to bring this 42 U.S.C. §1983 ("Section 1983") lawsuit back in late December 2012, but his repeated inability to follow simple and straightforward instructions has prevented it from going forward.[1] This third memorandum order will recapitulate the reasons for the earlier dismissal of this action.

This Court initially tried to assist pro se plaintiff Thomas by its issuance of a January 7, 2013 memorandum order ("Order I") that pointed out the deficiencies in Thomas' submission, particularly his failure to comply with the requirements of 28 U.S.C. §1915 ("Section 1915") that established the filing fee requirements that prisoners must satisfy as a precondition to suit. When Thomas then failed to conform to the specific roadmap

---

[1] Thomas' failure is somewhat difficult to understand, for an earlier such action brought by him (12 C 9409) and assigned to this Court's colleague Honorable Virginia Kendall had been dismissed two weeks before this lawsuit was brought, with the dismissal having been based on the same type of failure that Thomas has exhibited here.

provided by Order I to furnish the necessary information as to the six months preceding the lawsuit's filing, on January 30 this Court issued "Order II" that explained Thomas' shortfall as having omitted any information as to his trust fund account for the first part of that time frame--the period from June 2012 through early August 2012--and as forewarned by Order I, Order II dismissed this action.

Because nothing further was received from Thomas in this Court's chambers after that dismissal, this Court naturally assumed that was the end of the matter. But a current printout of what are listed as pending motions in all cases on this Court's calendar has revealed that on March 1 Thomas had in fact filed three motions in the Clerk's Office: one headed "Motion for Court Order" (Dkt. 11), another titled "Motion for Leave" (Dkt. 13) and a third captioned "Motion Relief from Judgment" (Dkt. 14). Those motions were coupled with an Affidavit (Dkt. 12). This memorandum order is triggered by what those filings have revealed.

As before, Thomas has provided an extended listing of transactions in his trust fund account that go back several years and are therefore irrelevant to his filing of the Complaint in this case. In that latter respect (as before), that list did cover the period from August 1 through December 31, 2012, during which time he has been in custody at Sheridan Correctional Center

(where he remains at this point). So--again as before--what is still missing from his submissions is the relevant information from June through the end of July 2012.

That said, there is no mystery about the nature of Thomas' deficiency--Dkt. 14 states that he was at <u>Logan</u> Correctional Center from December 10, 2011 through July 31, 2012. Yet what Dkt. 11 asks is that this Court "issue a court order to <u>Sheridan</u> Correctional Center, Trust Fund Department, for requested transaction for June 2012 through December 2013 [sic--should be 2012, of course]."

That makes no sense, and Thomas should have known it. From the very beginning this Court had given him clear instructions as to what was needed--Order I (which, it will be remembered, was issued less than two weeks after he first brought his action) explained specifically:

> Because the relevant period for Section 1915 purposes is the six months preceding the filing of the lawsuit for which in forma pauperis status is sought, what Thomas must supply instead is a printout (or printouts, if such is the case) from the institution or institutions where Thomas was housed during the period from the beginning of June through the end of December 2012.

And if that were not clear enough, that language was coupled with this footnote:

> Thomas is now in custody at Sheridan Correctional Center. This Court has no information as to his custodial whereabouts during the period referred to in the text.

This Court, like all federal judges, is well aware of the more generous reading to be given to pleadings filed by parties acting pro se (see Haines v. Kerner, 404 U.S. 519, 520-21 (1972)(per curiam)). But that does not call for extending that general proposition to a situation such as this one, in which every effort has been made to assist pro se litigant Thomas, but he has repeatedly failed to follow the clear directives provided by this Court. In summary, although Dkt. 13 (asking leave to file the other documents) is granted, Dkt. 11 and Dkt. 14 are denied.

_____
Milton I. Shadur
Senior United States District Judge

Date: May 2, 2013

4