```
           IN THE UNITED STATES DISTRICT COURT
          FOR THE NORTHERN DISTRICT OF ILLINOIS
                     EASTERN DIVISION
```

WILLIE THOMAS #B-76493,         )
                                )
            Plaintiff,          )
                                )
     v.                         )     No.  12 C 10329
                                )
SUPERINTENDENT, CHICAGO POLICE  )
OFFICER ACEVEDO, et al.,        )
                                )
            Defendants.         )

<u>MEMORANDUM ORDER</u>

Willie Thomas ("Thomas") has submitted a hand-printed filing that he labels "Motion To Reconsider Judgment"--a judgment that he asserts "was issue [sic] on May 2, 2013." In fact the judgment that had dismissed Thomas' pro se Complaint and this action was issued on January 30, 2013, some seven months ago, pursuant to a memorandum order ("Order II") issued that day--what happened on May 2 was the issuance of Order III, a memorandum order that explained Thomas' continuing delinquencies in response to three deficient motions that Thomas had filed on March 1.

In brief, Thomas has done nothing to merit the solicitude that this Court customarily extends to pro se litigants (whether prisoners or not) in cutting them a good deal of slack in recognition of their typical unfamiliarity with court procedures. Indeed, just two weeks before this action was brought this Court's colleague Honorable Virginia Kendall had dismissed an earlier action brought by Thomas (12 C 9409) due to the same type of failure that Thomas has exhibited here despite repeated

instructions from this Court as to what was lacking.

In this case Thomas' initial filing prompted the swift issuance of a January 7, 2013 memorandum order ("Order I") that pointed out in detail the things Thomas had to do to stay in court. Having done that, Order I gave Thomas time to provide curative documents but warned him that nonperformance within that time frame would trigger dismissal.

Because Thomas did not follow those clear and detailed instructions, this Court kept its promise and dismissed his case via Order II. And when Thomas still did not do the job in conjunction with his first motion for reconsideration filed in March, Order III rejected such reconsideration.

Those three earlier memorandum orders by this Court, although plainly issued in an effort to assist Thomas, failed to accomplish their goal because Thomas paid them no heed--and there is no question that Order II was justified in dismissing this action on January 30 of this year. Fed. R. Civ. P. ("Rule") 59(e) then gave him 28 days within which to file or alter the judgment of dismissal--a motion that plainly had to be coupled with a curing of the deficiency that had caused the dismissal. And had that been done, Thomas' original filing date could have remained effective (it will be recalled that the original filing date was in late December 2012, just a couple of weeks short of two years after the January 8, 2011 incident that was the

2

predicate for his Section 1983 claim.

When Thomas then inexplicably took nearly seven months to obtain and provide the information required of him in conjunction with his second motion for reconsideration, that motion had to qualify (if at all) under Rule 60(b). In that regard (1) Thomas' delays must be characterized as <u>inexcusable</u> neglect,[1] taking Rule 60(b)(1) out of play, (2) none of Rules 60(b)(2) through 60(b)(5) is even arguably implicated here and (3) the cases are legion that teach Rule 60(b)(6) is not intended to be a catchall escape hatch, available to rescue a party who (like Thomas) has expressly failed one of the specific grounds for relief set out in Rule 60(b)(1). And the clincher that dooms Thomas is, as Rule 60(c)(2) states:

> The motion does not affect the judgment's finality or suspend its operation.

So the bottom line is that, with respect to the January 8, 2011 incident that triggered this action to begin with, Thomas' current and second motion for reconsideration has come well past the two-year limitation period for Illinois-based Section 1983 actions. And that in turn would leave available to Thomas a potential claim of the defendant officer's assertedly false testimony at trial, a claim as to which <u>Briscoe v. LaHue</u>, 460

---

[1] On that score, it is clear--and this Court holds--that the required information was not provided, and Thomas' second motion for reconsideration was not filed, "within a reasonable time" as Rule 60(c)(1) requires.

3

U.S. 325 (1983) and its progeny have conferred absolute immunity. In sum, Thomas' current motion to reconsider must be and is denied.

```
                         _____
                         Milton I. Shadur
                         Senior United States District Judge
```

Date: August 23, 2013